# EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br><br>Court Address: 1437 Bannock Street, Denver, CO 80202 | DATE FILED<br>August 26, 2025 5:08 PM<br>FILING ID: 8BF92815EFDA6<br>CASE NUMBER: 2025CV33086 |
| Plaintiffs: Debra Brunt and Sarah Cuenca-Hancock<br><br>v.<br><br>Defendants: Lyft, Inc., Jorge Diaz, and Ana Cardenas-Albarracin | ☐ COURT USE ONLY ☐ |
| Mr. Glenn B. Fair<br>Ms. Emily Jamieson<br>Fair Squared Injury Law<br>56 Inverness Drive East, Suite 235<br>Englewood, Colorado 80112<br>Phone Number: (720) 645-1123<br>Email Address: glenn@fair2law.com, emily@fair2law.com kacey@fair2law.com<br>Atty. Reg. No. 51149 (Glenn B. Fair) 58105 (Emily Jamieson) | Case No.<br><br>Division:<br><br>Courtroom: |

**COMPLAINT AND JURY DEMAND**

**COMES NOW** Plaintiffs Debra Brunt and Sarah Elizabeth Cuenca-Hancock, by and through counsel, Fair Squared Injury Law, and for their *Complaint and Jury Demand* against the above captioned Defendants, states and alleges as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff Debra Brunt (hereinafter "Plaintiff Debra"), at all times relevant hereto, is a resident of Little Stoke, Bristol, England, residing at 65 Bush Avenue, Little Stoke, Bristol, UK, BS34 8NE.

2. Plaintiff Sarah Elizabeth Cuenca-Hancock (hereinafter "Plaintiff Sarah"), all times relevant hereto, is a resident of Pyrford, Surrey, England, residing at 3 Hurst Way, Pyrford, Surrey, UK, GU22, 8PH.

3. Plaintiff Debra and Plaintiff Sarah may be collectively referred to as "Plaintiffs."

4. Upon information and belief, at all times relevant hereto, Defendant Lyft, Inc., is a Foreign Corporation registered in Delaware; whose principle place of business is 185 Berry Street, Suite 400, San Francisco, California 94107, and can be served through their Registered Agent, C T Corporation System, at 7700 E Arapahoe Road, Suite 220, Centennial, Colorado 80112 (hereinafter "Defendant Lyft").

5. Upon information and belief, at all times relevant hereto, Defendant, Jorge Diaz (hereinafter "Defendant Jorge") is a resident of Aurora, Colorado, residing at 6023 Zeno Court, Aurora, Colorado, 80016.

6. Upon information and belief, at all times relevant hereto, Defendant, Ana Cardenas- Albarracin (hereinafter "Defendant Ana") is a resident of Aurora, Colorado, residing at 6023 Zeno Court, Aurora, Colorado, 80016.

7. Defendant Lyft, Defendant Jorge, and Defendant Ana, may be collectively referred to as "Defendants."

8. The car crash that is the subject of Plaintiff's *Complaint and Jury Demand* occurred on September 1, 2022, at or near the westbound #3 travel lane on Interstate 70, 0.39 miles east of the intersection with North Peoria Street in Denver, Colorado (hereinafter "Incident").

9. Venue and jurisdiction are proper in this Court pursuant to C.R.C.P. 98(c) as this claim arises from the Incident which occurred within Denver County, State of Colorado.

## II. GENERAL ALLEGATIONS

10. Plaintiffs are the proper parties to bring this claim.

11. At the time of the Incident, Plaintiffs were passengers in a 2019 Mercedes Sprinter Van with Colorado license plate COACH52 (hereinafter "Crew Van").

12. The Crew Van was traveling westbound on Interstate 70 from Denver International Airport in the #3 travel lane.

13. A 2017 Toyota Corolla, owned by Souleiman Ahidjo, with Colorado license plate AREL68 was stopped in the #3 travel because the Corolla was broken down (hereinafter "Corolla").

14. The Crew Van slowed to avoid a crash with the Corolla.

15. Defendant Jorge was operating a 2006 Ford Fusion with Colorado license plate AZPY69 (hereinafter "Fusion").

16. Defendant Jorge was driving the Fusion westbound on Interstate 70 in the #3 travel lane.

17. Upon information and belief, the Fusion being operated by Defendant Jorge was approaching the approaching the Crew Van and Corolla at 55 miles per hour.

18. Upon information and belief, at all times relevant hereto the Fusion was owned by Defendant Ana at the time of the Incident.

19. Upon information and belief, at all times relevant hereto, Defendant Jorge was permissive user of the Fusion at the time of the Incident.

20. Defendant Jorge failed to slow the Fusion in response to traffic in front of him.

21. Defendant Jorge was following too closely.

22. The front of the Fusion rammed into the rear of the Crew Van.

23. The Crew Van was pushed forward into the broken-down Corolla.

24. Upon information and belief, at all times relevant hereto, Defendant Jorge was transporting a paying passenger for Defendant Lyft at the time of the Incident.

25. Upon information and belief, Defendant Jorge was actively using Defendant Lyft's ride share software application at the time of the Incident.

26. Plaintiffs suffered injuries due to the Incident.

27. Plaintiffs acted reasonably.

28. Plaintiffs were not comparatively at fault.

29. Plaintiffs mitigated their damages.

30. Plaintiffs have incurred economic damages including past medical expenses and therapeutic needs to treat the injuries they sustained, lost past and future income, costs of transportation to and from medical providers, and other economic damages in an amount to be proven at trial.

31. Plaintiffs suffered physical and mental pain and suffering, inconvenience, emotional stress, and other non-economic damages in an amount to be determined at trial.

32. As a direct, proximate, and foreseeable result of the negligence of the Defendant, Plaintiffs suffered both past and future: physical injuries, physical impairment, disfigurement, physical and emotional pain and suffering, inconvenience, emotional stress, loss of motion, , inability to assist family, hobby loss, medical and doctor bills, and loss of earnings.

## III. <u>FIRST CLAIM FOR RELIEF – NEGLIGENCE AGAINST DEFENDANT JORGE</u>

33. Plaintiffs incorporate by reference all paragraphs in their *Complaint and Jury Demand*.

34. Defendant Jorge owed duties to Plaintiffs and did breach those duties by choosing to operate the Fusion in an unreasonable and dangerous manner.

35. Defendant Jorge had a duty to drive with reasonable care.

36. Defendant Jorge breached his duty by failing to slow and/or stop for traffic.

37. Defendant Jorge breached his duty not to injure others.

38. Defendant Jorge breached his duty to drive with reasonable care.

39. Each and every one of Defendant Jorge's breaches of his duties to others constitute separate acts of negligence.

40. A driver should not drive carelessly.

41. A driver should pay attention while driving.

42. A driver should not injure others while operating a motor vehicle.

43. A driver should not ram their into the rear of the vehicle in front of it.

44. As a direct, proximate, and foreseeable result of the negligence of Defendant Jorge, Plaintiffs suffered physical injuries; physical impairment; past and future economic damages, past and future non-economic damages as outlined in Colorado Pattern Jury Instructions, Chapter 6, and past and future loss of earnings.

## IV. <u>SECOND CLAIM FOR RELIEF – NEGLIGENCE *PER SE* AGIANST DEFENDANT JORGE– CARELESS DRIVING</u>

45. Plaintiffs incorporate by reference all paragraphs in their *Complaint and Jury Demand*.

46. Defendant Jorge failed to yield to the stopped traffic in front of him.

47. At the time Defendant Jorge failed to yield to stopped traffic in front of him, C.R.S. § 42-4-1402(1) was in effect. Section 42-4-1402(1) states as follows: "A person who drives a motor vehicle . . . in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving."

48. By ramming the front of the Fusion into the rear of the Crew Van, Defendant Jorge failed to drive a motor vehicle with due regard for traffic, use of streets, and other attendant circumstances, in violation of C.R.S. § 42-4-1402(1).

49. Section 42-4-1402(1) of the C.R.S. was enacted for the public benefit.

50. Plaintiffs are in the class of persons the above listed sections of C.R.S. are intended to protect.

51. Plaintiffs incurred the type of injuries, damages, and losses the above listed sections of C.R.S. are intended to prevent.

52. A violation of the above listed section of C.R.S. constitutes negligence *per se*.

53. Defendant Jorge chose to drive the Fusion without due regard for traffic, use of streets, and other attendant circumstances.

54. Defendant Jorge's actions constitute negligence *per se*.

55. As a direct, proximate, and foreseeable result of the negligence of Defendant Jorge, Plaintiff suffered physical injuries; physical impairment; past and future economic damages, past and future non-economic damages as outlined in Colorado Pattern Jury Instructions, Chapter 6, and past and future loss of earnings.

## V. THIRD CLAIM FOR RELIEF-RESPONDEAT SUPERIOR LIABILITY OF LYFT, INC.

56. Plaintiffs incorporate by reference all paragraphs in their *Complaint and Jury Demand*.

57. At all times pertinent to this action, Defendant Lyft was the employer of Defendant Jorge.

58. At all times pertinent to this action Defendant Jorge was acting within the course and scope of his employment.

59. The acts or omissions of the Defendant Jorge are in law the acts or omissions of Defendant Lyft.

60. Defendant Lyft is liable for the negligent acts or omissions of Defendant Jorge.

61. As a result of the doctrine of Respondeat Superior, Defendant Lyft, in addition to Defendant Jorge, are responsible for physical injuries; physical impairment; physical and emotional pain and suffering; inconvenience; emotional stress; loss of motion; inability to assist family, hobby loss, medical and doctor bills; and both past and future loss of earnings and ability to earn.

## VI. FOURTH CLAIM FOR RELIEF- FAMILY CAR DOCTERINE AGAINST DEFENDANT ANA

62. Plaintiff incorporates by reference all paragraphs in their *Complaint and Jury Demand*.

63. At all times relevant hereto, Defendant Ana was the head of the household.

64. At all times relevant hereto, the Ford Fusion was used by a member of the same household.

65. At all times relevant hereto, Defendant Ana had control of the use of the Ford Fusion.

66. At all times relevant hereto the Ford Fusion was used with the express or implied permission of Defendant Ana.

## VII. FIFTH CLAIM FOR RELIEF – DAMAGES

67. Plaintiffs incorporate by reference all paragraphs in their *Complaint and Jury Demand*.

68. Plaintiffs have incurred economic damages including past medical expenses and therapeutic needs to treat the injuries they sustained, lost past and future income, costs of transportation to and from medical providers, and other economic damages in an amount to be proven at trial.

69. Plaintiffs suffered physical and mental pain and suffering, inconvenience, emotional stress, and other non-economic damages in an amount to be determined at trial.

70. As a direct, proximate, and foreseeable result of the negligence of Defendants, Plaintiffs suffered physical injuries; physical impairment; past and future economic damages, past and future non-economic damages as outlined in Colorado Pattern Jury Instructions, Chapter 6, and past and future loss of earnings.

**WHEREFORE,** Plaintiffs respectfully requests that this Court enter judgment against Defendants and in favor of Plaintiffs, for damages in an amount to be determined at the time of trial, interest from the date of the accident, costs, expert witness fees, and for such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

**DATED** this August 26, 2025.

**FAIR SQUARED INJURY LAW**

*/s/Glenn B. Fair*
Glenn B. Fair
Attorney for Plaintiff

PLAINTIFFS ADDRESSES:

Debra Brunt
65 Bush Avenue, Little Stoke, Bristol, England, UK, -- BS34 8NE

Sarah Elizabeth Cuenca-Hancock
3 Hurst Way, Pyrford, Surrey, UK,--GU22 8PH